## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

          v.

James Derek Myers,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 14-135 ADM/LIB

---

James Derek Myers, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant James Derek Myers' ("Myers") pro se Motion [Docket No. 56] for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or a sentence reduction under 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On August 19, 2014, Myers entered a plea of guilty to possessing with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(A).  Min. Entry [Docket No. 37]; Plea Agreement [Docket No. 38].  In the Plea Agreement, the parties agreed that Myers was a career offender under the Sentencing Guidelines and that the applicable base offense level was determined by the career offender table in U.S.S.G. § 4B1.1.  Plea Agreement ¶ 5(a).  The parties further agreed that because Myers' offense of conviction carried a statutory maximum penalty of life, U.S.S.G. § 4B1.1(b)(1) set his base offense level at 37.  Id.  After a 3-level adjustment for acceptance of responsibility, Myers' total offense level was 34.  Id. ¶ 5(d); Presentence Investigation Report ("PSR") ¶¶ 23–26.  His

resulting guideline range was 262 to 327 months' imprisonment.  Plea Agreement ¶ 5(f); PSR ¶ 87.

Myers was sentenced on March 18, 2015.  Min. Entry [Docket No. 47].  The Court departed substantially downward from the 262 to 327 month guideline range and sentenced Myers to 144 months' imprisonment and a supervised release term of 5 years.  Am. Sentencing J. [Docket No. 50] at 2–3.  The Court determined that a significant downward variance was warranted by Myers' particularly difficult childhood, his diminished mental capacity, and his military service.  Am. Statement Reasons [Docket No. 51] at 4.  The Court also determined that the longest period of incarceration Myers had previously served was 129 days, and that 144 months was a very significant graduated consequence for his criminal behavior.  Id.

Myers is currently in custody at Canaan United States Penitentiary ("USP–Canaan") in Waymart, Pennsylvania.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2022).  His projected release date is August 11, 2024.  Id.

Myers, age 39, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that extraordinary and compelling reasons warrant his immediate release or release to home confinement because he is concerned about contracting COVID-19, and social distancing is not possible in the prison environment.  He also contends that the lockdowns and lack of prison programming during the pandemic have resulted in a harsher penalty than his original sentence.

Myers also argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c) because his sentence was based on a sentencing range that was subsequently lowered by the

Sentencing Commission.

### III. DISCUSSION

**A. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the

disease" and "a particularized risk of contracting the disease at his prison facility." <u>United States v. Miland</u>, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting <u>United States v. Feiling</u>, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); <u>accord</u> <u>United States v. Ramirez</u>, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); <u>United States v. Shamilov</u>, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Here, Myers does not state that he suffers from any medical condition, much less one that makes him particularly susceptible to COVID-19. The Court thus finds that Myers has not demonstrated extraordinary and compelling reasons warranting compassionate release.

**B. Sentence Reduction under 18 U.S.C.A. § 3582(c)(2)**

Myers also argues that he is entitled to a sentence reduction because his sentence was based on a guidelines range that was subsequently lowered by Amendment 782. A court may modify an imposed term of imprisonment if a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782 became effective on November 1, 2014, and lowered the base offense level for most drug quantity offenses under U.S.S.G. § 2D1.1. <u>United States v. Thomas</u>, 775 F.3d 982, 982–83 (8th Cir. 2014). However, Amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1." <u>Id.</u> at 983.

Myers' sentencing range was not "subsequently lowered" by Amendment 782 for at least two reasons. First, Amendment 782 was already in effect when Myers was sentenced in March 2015. Second, Myers' applicable guidelines range was based on his career offender status under

§ 4B1.1.  Accordingly, Myers is not eligible for a § 3582(c)(2) sentence reduction.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant James Derek Myers' pro se Motion [Docket No. 56]  is

**DENIED.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  January 21, 2022